IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
C.A. No. 3:09-CV-302-RJC-DSC

| | |
|---|---|
| KAY L. FLETCHER-USKO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CONSENT PROTECTIVE ORDER** |
| ) | |
| CELLIGENT DIAGNOSTICS, ) | |
| LLC, ) | |
| Defendant. ) | |
| _____ ) | |

Pursuant to Rule 26 of the North Carolina Rules of Civil Procedure, and by and with the consent of the parties, it is hereby ordered:

1. Until further Order by the Court for good cause shown, any document produced by any party or third party which the party or third party deems to be confidential and which is stamped "Confidential", as well as deposition testimony concerning a document marked "Confidential", as well as other deposition testimony designated as "Confidential" by any party or third party, as well as the information contained therein (hereinafter collectively referred to as "Confidential Discovery Materials") shall be used by the receiving party only as set forth in this Order.

2. Subject to the provisions of paragraph 11 below, any matter designated as "Confidential" by a party or a third party may only be disclosed to the following persons:

a. Attorneys of record for the parties in this action, and the staff of their respective law firms, working on this case;

b. Persons who are expected to serve as consulting or testifying expert witnesses in connection with this case;

c. The parties, as well as the officers, directors and employees of the parties in this litigation, but only to the extent disclosure is necessary to assist in the prosecution or defense of this litigation;

d. The Court, subject to the provisions of this Order concerning the filing of Confidential Discovery Materials;

e. Stenographic reporters engaged for depositions or other proceedings necessary for the conduct of this case;

f. Any other person to whom disclosure is allowed by agreement of the parties or to whom the Court orders or allows disclosure after notice and opportunity for hearing.

All persons in categories (b), (c), and (f) will be required to read this Order and sign the Acknowledgement Form attached as Exhibit A.

3. With respect to testimony deemed by a party to be "Confidential", counsel for such party shall, within fourteen (14) days after the transcript has been received by such counsel, designate those portions of the transcript which contain testimony concerning Confidential Discovery Materials. During this fourteen-day period, the entire transcript shall be treated as though it was designated "Confidential" and shall be disclosed only to those persons listed in Paragraph 2 above.

4. In the event that a party inadvertently fails to designate any information "Confidential", the party producing that information may within fourteen (14) days of discovery of the mistake designate the material "Confidential" by notifying the receiving party in writing. Each side shall then treat the information as designated until further order of the Court.

5.      Subject to the provisions of paragraph 11 below, Confidential Discovery Materials shall not be used by or communicated to any person or entity except as permitted in this Protective Order and shall not be used for business or competitive purposes or for any other purpose whatsoever except the prosecution or defense of this case.

6.      As described above, before disclosing Confidential Discovery Materials to authorized persons, the attorney disclosing the materials shall advise such persons of the restrictions of this Protective Order and shall obtain written assurance in the form attached as Exhibit A from those persons required to sign Exhibit A who agree to be bound by its provisions.

7.      No person who obtains access to Confidential Discovery Materials pursuant to this Protective Order may disclose that information to any persons other than those permitted access under this Protective Order, unless he/she first secures the written consent of the producing party or obtains permission from the Court, upon motion, with notice to all parties.

8.      Unless otherwise agreed by the parties or their counsel, any Confidential Discovery Materials attached to or incorporated in any pleading, motion, deposition transcript, or other paper filed with the Court shall be filed under seal and kept under seal until further order of the Court.  This Court reserves ruling on the use at trial of Confidential Discovery Materials.

9.      The mere designation of information as "Confidential" for purposes of this Protective Order shall have no evidentiary significance in this action, shall not affect a party's burden of proof and shall not be conclusive as to the Court's ruling on the status of discovery materials under Paragraph 11 below.

10.     Within thirty (30) days after the termination of all proceedings relating to this

matter, all Confidential Discovery Materials shall be returned to the producing party or destroyed in a mutually agreeable manner, and all excerpts and summaries thereof shall be destroyed. The prohibitions of this Protective Order which restrict the disclosure and use of Confidential Discovery Materials shall continue to be binding after the conclusion of this matter.

11. Except with respect to the designation of particular documents whose designation is agreed to by the parties prior to or at the time of the designation, any party may apply to the Court for an order modifying this Protective Order, removing the confidential designation from any discovery materials, or extracts or portions thereof, reclassifying Confidential Discovery Materials, or further protecting such materials or information. Prior to making such application, the party must attempt to resolve the matter with opposing counsel. At any time the parties may, by mutual agreement, remove designations regarding or reclassify Confidential Discovery Materials, or provide protected status for discovery materials in this action.

12. The Parties shall in all respects abide by the terms of this Protective Order.

**SO ORDERED**.    Signed: April 20, 2010

_____
David S. Cayer
United States Magistrate Judge

CONSENTED TO:


/s/ Bruce M. Simpson  
N.C. State Bar No.: 8507  
Attorneys for Plaintiff  
JAMES, McELROY & DIEHL, P.A.  
600 South College Street  
Charlotte, North Carolina 28202  
Telephone: (704) 372-9870  
Facsimile: (704) 333-5508  
Email: Bsimpson@jmdlaw.com  

/s/ Frederick M. Thurman, Jr., Esquire  
N.C. State Bar No.: 26159  
Attorneys for Defendant  
Shumaker, Loop & Kendrick, LLP  
128 South Tryon Street, Suite 1800  
Charlotte, North Carolina 28202  
Email: fthurman@slk-law.com

*EXHIBIT A*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
C.A. No. 3:09-CV-302

| | |
|---|---|
| KAY L. FLETCHER-USKO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ACKNOWLEDGEMENT OF CONSENT PROTECTIVE ORDER** |
| ) | |
| CELLIGENT DIAGNOSTICS, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

I, _____, do hereby certify that I have read and agree to be bound by and subject to that certain Protective Order dated _____, 2010, entered in the above-referenced action, and I subject myself to the jurisdiction and venue in the United States District Court for purposes of enforcement of this Protective Order.

This _____ day of _____, 2010.

_____
Print Name

_____
Signature